IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM J. WEBB, JR., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-933-RGA |
| DEPARTMENT OF JUSTICE, et al., | : |
| Defendants. | : |

William J. Webb, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 25, 2022
Wilmington, Delaware

*[signature]*
**ANDREWS, U.S. District Judge:**

Plaintiff William J. Webb, Jr., a pretrial detainee at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). He has filed a motion to expedite the proceedings and a motion for injunctive relief. (D.I. 7, 8). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This case concerns Plaintiff's parental rights, a lifetime Protection from Abuse order ("PFA") based upon alleged false and unreliable evidence, and visitation rights. Plaintiff alleges the following violations: "reunification while incarcerated, Fourteenth Amendment, failure to train, False Claims Act, exceeded jurisdiction." (D.I. 1 at 6). He seeks compensatory and punitive damages and declaratory and injunctive relief. (*Id.* at 9-10).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28

1

U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*. 957 F.3d 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive

2

plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## DISCUSSION

The Complaint will be dismissed for a number of reasons.

The Complaint raises claims against Warden Robert May, Staff Lt. DeJesus, Treatment Administrator Stacey Hollis, and Counselor Thongvong, all of whom are employed at JTVCC. In the Complaint, Plaintiff states that the grievance process was not complete when he commenced this action. He states that his grievance "[w]as returned, as unprocessed so [he] went on the tablet and wrote Warden Robert May." (D.I. 1 at 9). He wrote the counselor and he "got an illegal response." (*Id*.).

3

Under the Prison Litigation Reform Act of 1996, a prisoner must pursue all available avenues for relief through the prison's grievance system before bringing a federal civil rights action. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997(e) provides, "No action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The exhaustion requirement is mandatory. *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *Booth*, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"). There is no futility exception to § 1997e's exhaustion requirement. *Nyhuis v. Reno*, 204 F.3d 65, 75-76 (3d Cir. 2000). An inmate must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004). Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court. *See, e.g., Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000).

If the actions of prison officials directly caused the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion requirement. *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000). In addition, an

4

inmate's failure to exhaust will be excused "under certain limited circumstances," *Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." *Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002); *see also Ross v Blake*, 578 U.S. 632, 643-44 (2016). "[A]dministrative remedies are not 'available' under the PLRA where a prison official inhibits an inmate from resorting to them through serious threats of retaliation and bodily harm." *Rinaldi v. United States*, 904 F.3d 257, 267 (3d Cir. 2018).

While exhaustion is an affirmative defense, the Court may *sua sponte* dismiss an action pursuant to § 1915A when the failure to exhaust defense is obvious from the face of the complaint. *See Caiby v. Haidle*, 785 F. App'x 64, 65 (3d Cir. 2019). Plaintiff admits that the grievance process was not complete when he filed his Complaint. He states that he received an "illegal response" but does not describe why the response was illegal and does not indicate that he appealed the response. Given Plaintiff's admission that the grievance process was not complete when he filed this action, dismissal for failure to exhaust is warranted as to May, DeJesus, Hollis, and Thongvong.

Even had Plaintiff exhausted his administrative remedies as to these Defendants, the allegations that Defendants defied a court order that allowed Plaintiff visits with his child does not rise to the level of a constitutional violation. It is long-established that there is no absolute constitutional right to visitation. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (no substantive due process right to "unfettered

5

visitation"); *Neumeyer v. Beard*, 301 F. Supp. 2d 349, 351 (M.D. Pa. 2004), *aff'd*, 421 F.3d 210 (3d Cir. 2005) (convicted prisoners and their families and spouses have no "constitutional right to visitation" other than with legal counsel); *see also White v. Keller*, 438 F. Supp. 110, 115-18 (D. Md. 1977) (neither prisoners nor prospective visitors have constitutional right to prison visitation), *aff'd*, 588 F.2d 913 (4th Cir. 1978). Moreover, the Constitution does not require that inmates be allowed visits when prison administrators determine, in their sound discretion, that such visits jeopardize the security of the institution or conflict with an orderly administration of the same for one reason or another. *See Block v. Rutherford*, 468 U.S. 576, 589 (1984). Accordingly, the claims against May, DeJesus, Hollis, and Thongvong will be dismissed for failure to state a claim.

The remaining Defendants are immune from suit. The Delaware Department of Justice and the Division of Youth and Family Services are immune from suit under the Eleventh Amendment. *See, e.g., Alston v. Administrative Offices of Delaware Courts*, 178 F. Supp. 3d 222, 229 (D. Del.), *aff'd*, 663 F. App'x 105 (3d Cir. 2016).

Judge Joelle P. Hitch has judicial immunity. A "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for [her] judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority; rather, [she] will be subject to liability only when [she] has acted 'in the clear absence of all jurisdiction.'" *Id.* (citations omitted).

6

The Complaint alleges in a conclusory manner that Judge Hitch "exceeded her jurisdiction" yet the facts alleged do not support this conclusion. The Complaint alleges that Judge Hitch presided over a termination of parental rights petition, she entered a PFA, she did not enforce a Court order, and she entered a lifetime PFA. All of these acts took place in Judge Hitch's capacity as a judge. Despite the unsupported assertions to the contrary, Plaintiff has not set forth any facts to show that Judge Hitch acted in the absence of jurisdiction. She will be dismissed as a defendant.[1]

Deputy Attorney General Islanda L. Finamore has prosecutorial immunity for the claims raised against her. The Complaint alleges that Finamore "failed her obligation to Plaintiff to uphold and enforce the laws in Plaintiff's favor." Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions, see Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008), and prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983, Imbler v. Pachtman, 424 U.S. 409, 410 (1976). It is clear from the allegations that Plaintiff is unhappy with the actions taken by Finamore in her capacity as a deputy attorney general. She has immunity and will be dismissed.

Finally, Suzanne Valle has witness immunity. The Complaint alleges that Valle made fraudulent statements to Judge Hitch. Witnesses are immune from § 1983 liability

---

[1] Some of the complaints against Judge Hitch are time-barred. Plaintiff complains of judicial acts that occurred on July 1, 2019, yet he did not commence this action until July 11, 2022. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. Wilson v. Garcia, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. See 10 Del. C. § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996).

where the claim is based on allegations of perjury, either at trial or during pretrial proceedings. *See Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) ("[A] trial witness has absolute immunity [from suit under § 1983] with respect to any claim based on the witness' testimony."); *McArdle v. Tronetti,* 961 F.2d 1083, 1085 (3d Cir. 1992) (witness immunity applies to testimony given at pretrial hearings as well as to trial testimony); *Benckini v. Upper Saucon Twp.*, 2008 WL 2050825, at *11 (E.D. Pa. May 13, 2008) (absolute immunity afforded to witnesses, including police officers, charged under § 1983 for alleged perjurious testimony at pretrial proceedings). Valle has immunity from suit and she will be dismissed.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss as moot Plaintiff's motion for expedited proceedings and motion for injunctive relief (D.I. 7, 8); and (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) and § 1915A(b)(1) and (2). The Court finds amendment futile.

An appropriate Order will be entered.