IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| WILLIAM J. WEBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 22-933-CFC |
| | ) | |
| ROBERT MAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

William J. Webb, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware – *Pro se* Plaintiff

Lorin Huerta, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware – Counsel for Defendants Robert May, Orlando DeJesus, Stacey Hollis, and Unknown Thongvong

**MEMORANDUM OPINION**

December 16, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

On July 14, 2022, *pro se* Plaintiff William J. Webb, who is serving a sentence for a state criminal conviction at James T. Vaughn Correctional Center (JTVCC), in Smyrna, Delaware, initiated this civil action by filing a complaint alleging civil rights violations at JTVCC, pursuant to 42 U.S.C. § 1983. (D.I. 1.) The amended complaint is now the operative pleading. (D.I. 22.) Now pending before the Court is a motion to dismiss the amended complaint for failure to state a claim filed by Defendants Robert May, Orlando DeJesus, Stacey Hollis, and Unknown Thongvong. (D.I. 33.) Also pending is Plaintiff's motion for preliminary injunction and restraining order. (D.I. 24.)

## I.   BACKGROUND

According to the amended complaint, on October 19, 2020, Delaware Family Court Judge Joelle P. Hitch, in New Castle County, ordered Defendant Thongvong, on behalf of JTVCC, to schedule parent-child visits for Plaintiff and his daughter, K.R.W., yet only one such visit occurred, on an unspecified date in 2021. (D.I. 22 at 5-6.) Plaintiff believes that Defendants May, DeJesus, and Hollis have an obligation "to investigate and make Defendant Thongvong schedule the Court ordered visits" and that they have failed to do so. (*Id.* at 6.)

Based on the foregoing, the complaint asserts that Defendants have caused Plaintiff "infliction of extreme emotional distress, mental health issues, [and]

1

deprivation of freedom-of-association," and are "causing the immediate danger of estrangement between Plaintiff and daughter K.R.W.," in violation of Judge Hitch's Order and Plaintiff's First and Fourteenth Amendment rights. (*Id.*)

The complaint indicates that Plaintiff filed a grievance concerning the foregoing and that the grievance process has been completed. (*Id.* at 8.) Based on the foregoing, Plaintiff seeks "injunctive relief to make Defendants schedule the Court ordered visits," a "declaratory judgment that all Defendants violated Plaintiff's rights to freedom-of-association," "compensatory damages in excess of $10,000,000.00," "punitive damages in excess of $10,000,000.00," "attorneys' fees, court costs, and legal fees," and "any other relief either found by the Court or Jury" to be warranted. (*Id.*)

## II.  LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the amended complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

In moving to dismiss the amended complaint, Defendants have submitted a copy of Judge Hitch's October 19, 2020 Order. (D.I. 40.) Since Judge Hitch's Order is the basis for Plaintiff's claims in this action, this Court has reviewed the Order upon consideration of Defendant's motion to dismiss.

Pursuant to Federal Rule of Civil Procedure 12(b), district courts generally do not consider anything beyond the four corners of a complaint on a motion to dismiss, but the Third Circuit has held that district courts may consider certain narrowly defined types of material without converting a motion to dismiss to a motion for summary judgment. *See In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). For example, the Third Circuit held that a district court can consider a "document integral to or explicitly relied upon in the complaint" because "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated [w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997) (internal quotation marks omitted).

4

> Judge Hitch's October 19, 2020 Order states:
>
> The Motion for Visitation filed by Father is GRANTED. *If DOC can accommodate* virtual visits for Father with [child], he shall have bi-weekly fifteen minute visits virtually. The visits shall take place at the DFS office and the foster parents shall not be visible during the visits. DFS shall record [child's] reaction to the visits. The virtual visits shall take place only while Father remains incarcerated. Thereafter, the PFA remains in place and the provisions of the PFA Order shall control. The Court shall amend the PFA Order to reflect this modification.

(D.I. 40 at 5 (emphasis added).) Based on the foregoing, Defendants assert, and this Court agrees, that "Defendants did not violate a Court Order because there was no order mandating visitation between Plaintiff and Plaintiff's daughter." (D.I. 39 at 3.) Absent such an Order, the factual allegations in the amended complaint, without more, are insufficient to support a freedom-of-association claim, in violation of Plaintiff's First and Fourteenth Amendment rights.

As such, Defendants' motion to dismiss (D.I. 33) will be granted, and Plaintiff's amended complaint (D.I. 22) will be dismissed for failure to state a claim. Likewise, Plaintiff's motion for preliminary injunction and restraining order (D.I. 24) will be denied for lack of cause shown. Out of an abundance of caution, Plaintiff will be granted one final opportunity to file a second amended complaint, alleging facts supporting a First and Fourteenth Amendment freedom-of-association claim upon which this Court may grant relief.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendants' motion to dismiss the amended complaint. (D.I. 33.) Plaintiff's motion for preliminary injunction will be denied for lack of cause shown. (D.I. 24.)

An appropriate Order will be entered.